# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

DirecTV, Inc.,

                           Plaintiff,

                                              Civ. No. 03-5651 (RHK/AJB)
                                              **PERMANENT INJUNCTION**

v.


Jerry Wiener,[1]

                           Defendant.

---

It is hereby stipulated by and among the parties that the following Permanent

Injunction be entered by the Court without further notice or process:

1.  Defendant Jerry Wiener (the "Defendant"), and any persons or entities controlled

directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a) receiving or assisting others in receiving DIRECTV's satellite

transmissions of television programming without authorization by and payment to

DIRECTV;

(b) designing, manufacturing, assembling, modifying, importing, exporting,

possessing, offering to the public, trafficking, distributing, selling, or using any devices or

equipment (including, by way of example, loaders, bootloaders, unloopers, emulators,

programmers readers/writers, or software components therefor) designed or intended to

---

[1] The docket sheet spells the Defendant's name "Weiner" but it appears that it is
actually spelled "Wiener."

facilitate the reception and decryption of DIRECTV's satellite transmissions of television

programming by persons not authorized to receive such programming;

(c) advertising the sale of any devices or equipment (including, by way of

example, loaders, bootloaders, unloopers, emulators, programmers readers/writers, or

software components therefor) designed or intended to facilitate the reception and

decryption of DIRECTV's satellite transmissions of television programming by persons not

authorized to receive such programming, and advertising or providing information or

technical services in support thereof; or

(d) reverse engineering or attempting to reverse engineer any of DIRECTV's

products, services or technologies, for the purpose of illegal interception of programming

by persons not authorized to receive such programming; including without limitation the

encryption and security controls for the DIRECTV satellite system.

2. This Permanent Injunction shall apply to the Defendant's activities worldwide,

and shall apply with the same force and effect to the DIRECTV Latin America (also known

as Galaxy Latin America) Satellite System, and to any other direct broadcast satellite

system or related business in which DIRECTV has a financial or other interest, now or in

the future and, in particular, to any satellite interests owned by News Corp., NDS Americas,

Inc. or their related companies, including Sky Latin America.

3. The Defendant, and any persons or entities controlled directly or indirectly by

him, are hereby permanently enjoined and restrained from:

2

(a) investing or holding any financial interest in any enterprise which the Defendant knows is now, or is planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

(b) knowingly allowing any persons or entities which he controls, either directly, or indirectly, to engage in activities prohibited by this Permanent Injunction.

4.  In the event that the Defendant becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, the Defendant agreed to promptly notify DIRECTV of the same and to immediately take deliberate action to divest himself of any such investment or financial interest and promptly notify DIRECTV of the same.

5.  Upon proof of any violations by the Defendant of the provisions of this Permanent Injunction, the Court shall be authorized to award damages to DIRECTV for losses or statutory damages as allowed by law sustained prior to the date of this Permanent Injunction, in addition to any other damages or other relief authorized by law.[2]

Dated: August 12, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[2] The parties had signed and filed a Stipulated Permanent Injunction.  (See Doc. No. 8.)  While the above is similar, the Court has stricken paragraph 5 of the Stipulated Permanent Injunction.  The Court **does not** retain jurisdiction over this matter.

3